# STATE OF NORTH CAROLINA

ROBESON County

File No. **21 CVS 771**

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name Of Plaintiff**
B.H. et al.
**Address**
706 Woodland Drive
**City, State, Zip**
Kingstree, SC 29556

## CIVIL SUMMONS
☒ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

**Name Of Defendant(s)**
OUTBACK STEAKHOUSE OF FLORIDA, INC., BLOOMIN' BRANDS, INC., BLOOMIN' BRANDS INTERNATIONAL, LLC, MDC NC1, LP, MDC COAST 4, LLC, and REALTY INCOME CORPORATION

**Date Original Summons Issued**
04/05/2021

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| BLOOMIN' BRANDS INTERNATIONAL, LLC<br>c/o Kelly Leffertz, Registered Agent<br>2202 N West Shore Boulevard, 5th Floor<br>Tampa, FL 33607 | MDC NC1, LP<br>c/o Corporation Service Company, Registered Agent<br>2626 Glenwood Avenue - Suite 550<br>Raleigh, NC 27608 |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
JONATHAN HOLDER, ESQ.
LANIER LAW GROUP, P.A.
4915 Piedmont Parkway, Suite 104
Jamestown, NC 27282

**Date Issued** 6-21-21
**Time** 12:25 ☐ AM ☒ PM
**Signature** Elizabeth B Smiue
☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**
**Time** ☐ AM ☐ PM
**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

B.H., by and through his
Guardian ad Litem, JENNIFER
HEDRICK, and JENNIFER HEDRICK,
Individually,

          Plaintiffs,

v.

OUTBACK STEAKHOUSE OF
FLORIDA, INC., BLOOMIN' BRANDS,
INC., BLOOMIN' BRANDS
INTERNATIONAL, LLC, MDC NC1, LP,
MDC COAST 4, LLC, and REALTY
INCOME CORPORATION,

          Defendants.

**COMPLAINT**

**Served with Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Defendants**

Plaintiffs, complaining of the Defendants, allege and say as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff B.H. [hereinafter B.H. or collectively with Plaintiff Jennifer Hedrick as "Plaintiffs"] is a minor born on B.H. 2005, and appears by and through his Guardian ad Litem, Jennifer Hedrick, who has been duly appointed by the Clerk of Superior Court of Robeson County. Minor Plaintiff B.H. is a citizen and resident of Williamsburg County, South Carolina

2. Plaintiff Jennifer Hedrick [hereinafter "Plaintiff J. Hedrick" or collectively with minor Plaintiff B.H. as "Plaintiffs"] is a citizen and resident of Williamsburg County, South Carolina.

3. Upon information and belief, at all times relevant to this Complaint, Defendant Outback Steakhouse of Florida, Inc. [hereinafter "Defendant Outback" or collectively with Defendant Bloomin' Brands, Inc., Defendant Bloomin' Brands International, LLC, Defendant MDC NC1, LP, Defendant MDC Coast 4, LLC, and Defendant Realty Income Corporation as "Defendants"], was:

   (a) a limited liability company with its principal place of business located at 2202 N. West Shore Boulevard, 5th Floor, Tampa, FL 33607;

(b) engaged in and routinely transacted business in the State of North Carolina where it maintains a registered agent, Corporation Service Company, located at 15720 Brixham Hill Avenue #300, Charlotte, NC 28277.

4. Defendant Bloomin' Brands, Inc. [hereinafter "Defendant Bloomin'," or collectively with Defendant Outback, Defendant Bloomin' Brands International, LLC, Defendant MDC NC1, LP, Defendant MDC Coast 4, LLC, and Defendant Realty Income Corporation as "Defendants"] is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Florida.

5. Defendant Bloomin' regularly conducts affairs and business activity in the State of North Carolina and at all times relevant to this Complaint Defendant Bloomin' conducted business in the State of North Carolina, including Robeson County.

6. Defendant Bloomin' Brands International, LLC [hereinafter "Defendant International," or collectively with Defendant Outback, Defendant Bloomin', Defendant MDC NC1, LP, Defendant MDC Coast 4, LLC, and Defendant Realty Income Corporation as "Defendants"], is a duly organized limited liability company with its principal place located at 2202 North West Shore Boulevard, 5th Floor, Tampa, FL 33607.

7. Defendant International regularly conducts affairs and business activity in the State of North Carolina and at all times relevant to this Complaint Defendant Bloomin' conducted business in the State of North Carolina, including Robeson County.

8. Upon information and belief, at all times relevant to this Complaint, Defendant MDC NC1, LP [hereinafter "Defendant MDC" or collectively with Defendant Outback, Defendant Bloomin', Defendant International, Defendant MDC Coast 4, LLC, and Defendant Realty Income Corporation as "Defendants"], was:

   (a) a limited partnership with its principal place of business located at 11995 El Camnio Real, San Diego, CA 92130;

   (b) authorized to, engaged in, and routinely transacted business in the State of North Carolina and under the laws of the State of North Carolina where it maintained a registered agent, Corporation Service Company, located at 2626 Glenwood Avenue – Suite 550, Raleigh, NC 27608.

9. Upon information and belief, at all times relevant to this Complaint, Defendant MDC Coast 4, LLC [hereinafter "Defendant Coast" or collectively with Defendant Outback, Defendant Bloomin', Defendant International, Defendant MDC, and Defendant Realty Income Corporation as "Defendants"], was:

   (a) a limited liability company with its principal place of business located at 11995 El Camino Real, San Diego, CA 92130;

2

(b) engaged in and routinely transacted business in the State of North Carolina where it maintains a registered agent, Secretary of State, located at 2 South Salisbury Street, Raleigh, NC 27601.

10. Upon information and belief, at all times relevant to this Complaint, Defendant Realty Income Corporation [hereinafter "Defendant Realty" or collectively with Defendant Outback, Defendant Bloomin', Defendant International, Defendant MDC, and Defendant Coast as "Defendants"] was:

    (a) a corporation organized and existing under the laws of the State of Maryland with its principal place of business located at 11995 El Camino Real, San Diego, CA 92130;

    (b) authorized to transact business in the State of North Carolina; and

    (c) engaged in and routinely transacted business in the State of North Carolina where it maintains a registered agent, Corporation Service Company, located at 2626 Glenwood Avenue, Suite 550, Raleigh, NC 27608.

11. Upon information and belief, at all times relevant to this Complaint, Defendants Outback, Bloomin', International, MDC, Coast, and/or Realty owned, operated and/or managed the restaurant located at 223 Wintergreen Dr, Lumberton, NC 28358 (hereinafter referred to as "Defendants' Premises").

12. At all times relevant to this Complaint, Defendants' Premises was used by Defendants for the purpose of owning and operating the Outback Steakhouse restaurant, which was open to members of the general public conducting business or reasonably anticipated to conduct business on the premises.

13. Upon information and belief, at all times relevant to this Complaint, Defendants, through their agents, servants, and/or employees, were responsible for the condition, maintenance, upkeep, repair, and safety of Defendants' Premises.

14. Defendant Outback has been properly served with the Summons and Complaint in this matter pursuant to the applicable provisions of the North Carolina General Statutes and the North Carolina Rules of Civil Procedure, and there are no outstanding issues of process, service of process, or jurisdiction.

15. Defendant Bloomin' has been properly served with the Summons and Complaint in this matter pursuant to the applicable provisions of the North Carolina General Statutes and the North Carolina Rules of Civil Procedure, and there are no outstanding issues of process, service of process, or jurisdiction.

16. Defendant International has been properly served with the Summons and Complaint in this matter pursuant to the applicable provisions of the North Carolina General Statutes

and the North Carolina Rules of Civil Procedure, and there are no outstanding issues of process, service of process, or jurisdiction.

17. Defendant MDC has been properly served with the Summons and Complaint in this matter pursuant to the applicable provisions of the North Carolina General Statutes and the North Carolina Rules of Civil Procedure, and there are no outstanding issues of process, service of process, or jurisdiction.

18. Defendant Coast has been properly served with the Summons and Complaint in this matter pursuant to the applicable provisions of the North Carolina General Statutes and the North Carolina Rules of Civil Procedure, and there are no outstanding issues of process, service of process, or jurisdiction.

19. Defendant Realty has been properly served with the Summons and Complaint in this matter pursuant to the applicable provisions of the North Carolina General Statutes and the North Carolina Rules of Civil Procedure, and there are no outstanding issues of process, service of process, or jurisdiction.

20. This court has personal jurisdiction over Defendant Outback in that at all times relevant hereto Defendant Outback conducted business in the state of North Carolina, including Robeson County.

21. This court has personal jurisdiction over Defendant Bloomin' in that at all times relevant hereto Defendant Bloomin' conducted business in the state of North Carolina, including Robeson County.

22. This court has personal jurisdiction over Defendant International in that at all times relevant hereto Defendant International conducted business in the state of North Carolina, including Robeson County.

23. This court has personal jurisdiction over Defendant MDC in that at all times relevant hereto Defendant MDC conducted business in the state of North Carolina, including Robeson County.

24. This court has personal jurisdiction over Defendant Coast in that at all times relevant hereto Defendant Coast conducted business in the state of North Carolina, including Robeson County.

25. This court has personal jurisdiction over Defendant Realty in that at all times relevant hereto Defendant Realty conducted business in the state of North Carolina, including Robeson County.

26. This court has subject matter jurisdiction over Plaintiffs' claim in that the alleged claim arose under the substantive law of North Carolina.

27. This court is the proper venue for this action pursuant to N.C. Gen. Stat. § 1-80.

4

Case 7:21-cv-00144-FL   Document 12-3   Filed 08/17/21   Page 5 of 9

## FACTUAL ALLEGATIONS

28. At all times relevant to this Complaint, Defendants, through their agents, servants and/or employees, were in possession of the Defendants' Premises and Defendants had a duty to use ordinary care to keep said premises in a reasonably safe condition for lawful visitors, including Plaintiff B.H. who used the premises in a reasonable, ordinary, and foreseeable manner.

29. At all times relevant to this Complaint, Defendants, through their agents, servants and/or employees, owed the degree of care to Plaintiffs which a reasonable and prudent person would use under the same or similar circumstances to protect Plaintiffs from injury or harm.

30. At all times relevant to this Complaint, Defendants, through their agents, servants and/or employees, owed a duty to maintain the dining room aisles and floors used for customers conducting business on Defendants' Premises in such a condition as a reasonable and prudent person would deem sufficient to protect members of the general public, specifically including Plaintiff B.H. conducting business or reasonably anticipated to conduct business on the premises from danger or harm while they were using the premises in a reasonable, ordinary, and foreseeable manner.

31. At all times relevant to this Complaint, Defendants, through their agents, servants and/or employees, owed a duty to provide safe, clean and dry dining room aisles and floors on Defendants' Premises in order to protect members of the general public conducting business or reasonably anticipated to conduct business on the premises such as Plaintiff B.H. from danger while using the premises in a reasonable, ordinary, and foreseeable manner.

32. At all times relevant to this Complaint, Defendants, through their agents, servants and/or employees, were responsible for daily upkeep, maintenance, repair, and general condition of Defendants' Premises.

33. On July 15, 2018, at approximately 2:00 PM, Plaintiff B.H. was lawfully on Defendants' Premises as a member of the general public conducting business on the premises at Defendants' Outback Steakhouse restaurant.

34. During the course of his meal, Plaintiff B.H. exited his table and walked to the customers' restroom.

35. The floors in the aisle of the dining room immediately adjacent to Plaintiff B.H. table on Defendants' premises were slick, greasy, and generally unsafe for individuals attempting to walk on or across the subject floors.

36. As Plaintiff B.H. returned from the restroom, he stepped on a hidden and concealed

5

grease spot on the floor, causing him to fall.

37. The greasiness on the floors in the area of the Outback in which Plaintiff B.H. was walking created a hidden and concealed dangerous condition on Defendants' Premises.

38. As a direct and proximate result of the Defendants' failure to provide safe, clean, and dry dining room aisles and floors for the subject restaurant and Defendants' failure to keep said dining room aisles and floors free from hazards, Plaintiff B.H. sustained injuries and damage as described herein.

## CLAIM FOR RELIEF: NEGLIGENCE

39. Plaintiffs refer to and hereby incorporates by reference all previous paragraphs of this Complaint.

40. At all times relevant to this Complaint, it was the duty of Defendants acting by and through their agents, servants and/or employees, to exercise reasonable and ordinary care to keep and/or maintain in a reasonably safe condition those areas in and surrounding Defendants' restaurant, including the dining room aisles and floors used by customers conducting business on Defendants' Premises, which they expected and/or knew would be used by members of the general public conducting business on the premises, specifically including the Plaintiff.

33. At all times relevant to this Complaint, Defendants acting by and through agents, servants and/or employees were negligent and breached the duty of care owed to Plaintiff in that they:

   (a) Carelessly and negligently permitted and allowed an unsafe condition in an area where Defendants knew or should have known customers would walk;

   (b) Failed to properly and accurately train, supervise and oversee its employees, agents and/or servants to identify and remedy the existence of dangerous conditions at its premises;

   (c) Knew or in the exercise of reasonable care should have known that the area of the premises where Plaintiff was walking was dangerous and unreasonably created a fall hazard for Plaintiff but failed to remedy the condition;

   (d) Failed to take reasonable measures for the protection of Plaintiff B.H. and other customers;

   (e) Failed to warn members of the general public conducting business or reasonably anticipated to conduct business on the premises such as Plaintiff B.H. of the hidden perils and unsafe condition of the dining room created by the hazardous

6

slick, greasy, and improperly cleaned surfaces of the dining room aisles and floors;

(f) Failed to conduct a reasonable inspection of the premises and to correct any dangerous conditions which such inspection would have revealed, and

(g) Committed such other and further acts of negligence as evidence will show and to be proven in other ways through discovery and the pendency of this matter.

34. Plaintiff B.H. was not negligent in any respect and did not contribute to his injury.

35. Plaintiff B.H.'s fall in Defendants' Premises was a direct and proximate result of the negligent acts and omissions of Defendants and/or Defendants' agents, servants, and/or employees acting in the course and scope of their employment and/or agency.

36. All of the acts and/or omissions constituting negligence complained of herein were committed by agents, servants and/or employees of Defendants acting on behalf of Defendants. Defendants are liable for any negligent acts and/or omissions committed by these agents, servants and/or employees, under the doctrine of respondeat superior.

37. As a direct and proximate result of his severe and permanent injuries, Plaintiff B.H. has incurred significant medical and other expenses, physical, mental and emotional pain and suffering, permanent body injuries, and loss of enjoyment of life, all in in an amount to be determined by a jury, and pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure, an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

41. As a direct and proximate result of the incident complained of herein, Plaintiff J. Hedrick incurred expenses for the medical treatment of the bodily injuries suffered by the minor Plaintiff B.H.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that they have and recover from the Defendants, jointly and severally, as follows:

1. Actual damages in an amount to be determined by a jury, and pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure, an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

2. The costs of bringing this action;

3. Interest and attorney fees as allowed by law;

4. A trial by jury; and

5. Such other and further relief as the Court may deem just and proper.

7

Case 7:21-cv-00144-FL   Document 12-3   Filed 08/17/21   Page 8 of 9

This the ___1___ day of April, 2021.

                    **LANIER LAW GROUP, P.A.**

                    Jonathan Holder
                    NC State Bar No.: 51621
                    4915 Piedmont Parkway Ste 104
                    Jamestown, NC 27282
                    Phone: 336-855-8554

                    *Attorney for Plaintiff*